NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 11 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YUDY ISABEL BLANCO CARDONA; X. G. B.; I. G. B.; JOSE GRAJALES CARMONA, <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Attorney General, <br><br> Respondent. | No. 25-4670 <br><br> Agency Nos. <br> A246-844-067 <br> A246-844-068 <br> A246-844-069 <br> A246-844-070 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2026**
Pasadena, California

Before: GRABER, KOH, and H.A. THOMAS, Circuit Judges.

Petitioners Yudy Isabel Blanco Cardona ("Lead Petitioner"), her husband,

and their two minor children are natives and citizens of Colombia. They petition

for review of the decision of the Board of Immigration Appeals dismissing their

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel previously granted Respondent's unopposed motion to submit this case on the briefs and record. See Dkt. Nos. 29, 30.

1

appeal of an immigration judge's (collectively, the "Agency") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the Agency's conclusion that Lead Petitioner did not suffer past persecution. See Urias-Orellana v. Bondi, 607 U.S. 537, 545 (2026) (holding that courts of appeals review for substantial evidence "the agency's determination whether a given set of undisputed facts rises to the level of persecution"). While working as a nurse and health promoter for the Colombian Department of Education, Lead Petitioner transported special-needs children to and from school. During that time, she was harassed and threatened by some of the children's parents, who she thought were gang members. The parents never physically harmed Lead Petitioner, and she has no knowledge of them ever attacking anyone. Moreover, Lead Petitioner's husband and their children were never personally harassed or threatened by the parents. Overall, the record does not compel the conclusion that Lead Petitioner suffered past persecution. Cf. Duran-Rodriguez v. Barr, 918 F.3d 1025, 1028 (9th Cir. 2019) (explaining that death threats constitute persecution "only when the threats are so menacing as to

---

[1] Lead Petitioner's husband and minor children filed separate applications for relief and also are derivative beneficiaries of Lead Petitioner's asylum claim.

2

cause significant actual suffering or harm" and holding that two death threats from purported hitmen, without any evidence of violence or of the men carrying out similar threats, did not compel a conclusion of past persecution (citation omitted)).

2. Substantial evidence also supports the Agency's finding that Lead Petitioner's fear of future persecution, though subjectively genuine, is not well-founded. See Urias-Orellana, 607 U.S. at 545 (determining standard of review); Sharma v. Garland, 9 F.4th 1052, 1065 (9th Cir. 2021) (stating that "a petitioner who cannot show past persecution might nevertheless be eligible for relief if [she] instead shows a well-founded fear of future persecution" (alteration adopted) (citation omitted)). Petitioners had no contact with the threatening parents after Lead Petitioner's contract for employment ended in December 2022, and there is no evidence suggesting that the parents have a continuing interest in Lead Petitioner because the conflict concerned only the location where she dropped off their children. See Sharma, 9 F.4th at 1065–66 (holding that substantial evidence supported the Agency's determination that a petitioner failed to demonstrate a well-founded fear of future persecution where there was "an insufficient basis in the record to conclude that [the alleged persecutors] would have a continuing interest in [the petitioner]"). Moreover, substantial evidence supports the Agency's finding that Lead Petitioner failed to demonstrate that her family could not relocate safely to another part of Colombia. See Hussain v. Rosen, 985 F.3d 634, 649 (9th Cir.

2021) (holding that a petitioner "cannot successfully argue that relocation is unreasonable because the country at large is subject to generalized violence" where the petitioner "did not show he is at risk of country-wide targeted persecution").

3. Finally, substantial evidence supports the Agency's determination that Petitioners failed to show a particularized likelihood of torture by, or with the acquiescence of, Colombian officials if they are returned to Colombia. See Sharma, 9 F.4th at 1066–67 (stating standard of review and concluding that substantial evidence supported the denial of CAT relief where the Agency had "reasonably conclude[d] that [the petitioner's] past harm did not rise to the level of persecution").

**PETITION DENIED.**[2]

---

[2] Petitioners' opposed motion to stay removal (Dkt. No. 3) is denied. The temporary stay of removal entered pursuant to General Order 6.4(c) is lifted, effective immediately.